**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SHADE CONSTRUCTION & ENGINEERING, INC., *et al.*,<br><br>Defendants.<br>_____/ | No. C-06-6830 PJH (EMC)<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND ADDITIONAL EVIDENCE FOR PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>**(Docket No. 18)** |

Based upon the review of Plaintiffs' motion for default judgment, the Court orders supplemental briefing and evidence regarding the fiduciary status of Mr. Scott Shade.

The issue is whether, taking all allegations in the complaint as true, Plaintiffs have established that Mr. Shade may be held individually liable as a fiduciary, as defined by 29 U.S.C. § 1109(a), because he exercised authority or control respecting management or disposition of the trust funds' assets.

In determining whether a person has authority or control, courts have emphasized that a person's job title is not controlling. As stated by one court:

> ERISA "defines 'fiduciary' not in terms of formal trusteeship, but in functional terms" of control and authority over the management or disposition of plan assets, "thus expanding the universe of persons subject to fiduciary duties-and to damages-under" section 1109. This functional approach emphasizes that the acts or responsibilities, not the job title or whether they performed those acts on someone else's behalf, controls whether fiduciary liability exists. "[A] person's actions, not the official designation of his role, determine[s] whether he enjoys fiduciary status."

United States District Court
For the Northern District of California

*Trustees of S. Cal. Pipe Trades Health & Welfare Fund v. Temecula Mechanical, Inc.*, 438 F. Supp. 2d 1156, 1168 (N.D. Cal. 2006); *see also Acosta v. Pacific Enterprises,* 950 F.2d 611, 618 (9th Cir. 1991) (denying that a trustee has fiduciary duty because "a person's actions, not the official designation of his role, determine whether he enjoys fiduciary status" and because plaintiff could not demonstrate the defendant's actions. *Id.*). *See, e.g.*, *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1459 (9th Cir. 1995) ("This court has held corporate officers to be liable as fiduciaries on the basis of their conduct and authority with respect to ERISA plans. In *Yeseta* we held that by withdrawing funds from plan assets a corporate officer of a plan sponsor was a fiduciary, whether or not the sponsoring corporation authorized him to make such withdrawals..."). Plaintiffs have failed to make any allegations or provide any evidence that Mr. Shade is liable as a fiduciary because of his actions or responsibilities with respect to the trust fund assets (*i.e.*, the contributions owed to the trust funds). Plaintiffs have done little more than point to his status as CEO and president of Shade Corporation.

Thus, supplemental briefing and additional evidence should be provided and filed with the Court by August 3, 2007.

IT IS SO ORDERED.

Dated: July 27, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

2